# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUMAN WAFAIE,<br><br>        Petitioner,<br><br>    v.<br><br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondents. | Case No.: 1:26-cv-00370-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[TEN DAY OBJECTION PERIOD] |

Petitioner was formerly a detainee of the United States Department of Homeland Security.  He had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), and a motion for temporary restraining order, (Doc. 2), challenging his re-detention.

On February 2, 2026, the District Court issued an order converting the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 11.) Respondents were directed to provide Petitioner with a substantive bond hearing no later than February 9, 2026.

On February 9, 2026, an Immigration Judge conducted a hearing and ordered Petitioner be released on bond. (Doc. 13 at 3.) Despite the IJ's order, as of February 15, 2026, Petitioner had not been released. (Doc. 13.)

On February 17, 2026, the District Court ordered Respondents to show cause why Petitioner had not been released in accordance with the IJ's order. (Doc. 14.)

On February 18, 2026, Respondents filed a status report advising that Petitioner had been released from custody as of that date. (Doc. 15.) Since Petitioner is no longer in custody and has been granted the relief he sought, the Court will recommend the petition be dismissed as moot.

**DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Here, the instant petition requested a bond hearing or release from detention. Petitioner was provided with a bond hearing in accordance with the Court's order, and eventually, he was released from custody. Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached

to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                    /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

3